IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| JAMES MACKAY, | : | CASE NO: |
| Plaintiff, | : | |
| vs. | : | |
| DANIEL ABRAHA, | : | (Diversity Jurisdiction) |
| | : | Jury Trial Requested |
| Defendant. | | |

## COMPLAINT

NOW COMES the Plaintiff, James MacKay, by and through his attorney, E. Paul Gibson of the Riesen Law Firm, LLP, and brings this action against the Defendant, Daniel Abraha, and in support states as follows:

1.      That the Plaintiff, James MacKay, is a citizen and resident of the State of South Carolina.

2.      That the Defendant, Daniel Abraha, upon information and belief, is a citizen and resident of Washington, D.C.

3.      That this Honorable Court has jurisdiction of the parties and subject matter herein set forth.  That diversity of citizenship exists between the Plaintiff and Defendant and the amount in controversy in this action exceeds the amount of Seventy-Five Thousand ($75,000.00) Dollars.

4.      That on or about the 11th day of April, 2009, the Plaintiff, James MacKay, was the owner and operator of a motor vehicle which was traveling northbound on New Hampshire Avenue in the City of Takoma Park, Montgomery County, Maryland.  That, upon information and belief, on that same day and time, the Defendant, Daniel Abraha, was the owner and operator

of a motor vehicle that also was traveling northbound on New Hampshire Avenue toward its intersection with Ray Road in the City of Takoma Park, Montgomery County, Maryland in the same lane as Plaintiff and directly behind him.

5.     That as the Plaintiff was lawfully stopped at the red light at the intersection of New Hampshire Avenue and Ray Road, suddenly and without warning, the Defendant failed to also stop and/or sufficiently slow down for the Plaintiff's vehicle.  That, as a result, the Defendant collided with the Plaintiff's vehicle from behind with great force.

6.     That the Defendant then failed to stop his vehicle and fled the scene of the accident.

7.     That as a direct and proximate result of the acts of the Defendant, or by reason of one or more of said acts of willfulness, wantonness, recklessness, carelessness, negligence, and gross negligence, the Plaintiff sustained serious, severe, painful, and permanent bodily injuries, all of which have and may in the future cause him to undergo much physical pain and suffering; have and may in the future cause him to spend money for medical care and treatment; have and may in the future cause him to lose money in the nature of wages, earnings, profits, and earning capacity; have and may in the future cause him trauma, anxiety, annoyance, disfigurement, whole body impairment, inconvenience, and travel expenses related to medical treatment – all to his general damage and detriment.

8.     That at the aforementioned time and place, the Defendant was willful, wanton, reckless, careless, negligent, and grossly negligent in one or more of the following particulars:

a.     In operating a motor vehicle, a dangerous instrumentality, at an excessive, dangerous, and unlawful rate of speed in violation of MD. [TRANSP.] CODE ANN. §21-801;

b.     In failing and/or omitting to have the motor vehicle equipped with proper

2

and adequate brakes, or if so equipped, in failing and/or omitting to properly use such brakes in violation of MD. [TRANSP.] CODE ANN. §22-302;

  c. In failing and/or omitting to have the motor vehicle equipped with proper and adequate steering equipment, or if so equipped, in failing and/or omitting to properly use such steering equipment;

  d. In failing to keep a proper lookout;

  e. In failing to keep the motor vehicle under proper control;

  f. In failing to yield to the Plaintiff's right of way in violation of MD. [TRANSP.] CODE ANN. §21-403;

  g. In operating a motor vehicle or allowing a motor vehicle to be operated by one who was not safely capable of doing so;

  h. In operating or allowing to be operated, a motor vehicle that was in a dangerous or unsafe condition;

  i. In failing to take the last, clear chance to avoid the collision;

  j. In operating a motor vehicle, a dangerous instrumentality, in such a manner that disregards the safety of persons and property in violation of MD. [TRANSP.] CODE ANN. §21-901.1 (a)(1) and (2);

  k. In operating a motor vehicle, a dangerous instrumentality, in such a careless or imprudent manner that endangers persons and property in violation of MD. [TRANSP.] CODE ANN. §21-901.1 (a)(3);

  l. In failing to obey an official traffic control device - a red light - in violation of MD. [TRANSP.] CODE ANN. §21-707;

3

m.   In operating a motor vehicle at a greater rate of speed than permitted in violation of MD. [TRANSP.] CODE ANN. §21-801(a);

n.   In failing to control speed to avoid a collision in violation of MD. [TRANSP.] CODE ANN. §21-801(b);

o.   In failing to reduce speed to avoid a collision in violation of MD. [TRANSP.] CODE ANN. §21-801(c);

q.   In failing to stop the vehicle in violation of MD. [TRANSP.] CODE ANN. §21-904(b)(1);

r.   In other manners to be proved at the trial of this case; and

s.   In failing to use the degree of care and caution that a reasonable and prudent person would have used under the circumstances then and there prevailing, all of which were the direct and proximate cause of the injuries and damages suffered by the Plaintiff herein.

9.   That, as a result of the actions and/or inactions of the Defendant, the Plaintiff is informed and believes that he is entitled to judgment against the Defendant in an appropriate amount of actual damages, along with an appropriate amount of punitive damages, the costs of this action, all applicable interest and for such other and further relief as this Court deems just and proper.

WHEREFORE the Plaintiff prays unto this Honorable Court for judgment against the Defendant along with an award of actual damages in the amount of One Million ($1,000,000.00) Dollars, together with an appropriate amount of punitive damages, the costs of this action, all applicable interest and for such other and further relief as this Court deems just and proper.

RIESEN LAW FIRM, L.L.P.,


BY: S/E. PAUL GIBSON
  E. PAUL GIBSON

Attorneys for the Plaintiff
P.O. Box 40997
N. Charleston, SC 29423-0997
(843) 760-2450
(843) 329-8580 fax
USDC Bar No. 26064

N. Charleston, SC

March 28, 2012